UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL E. WILKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:15-CV-514 JD |
| | ) |
| BRUCE LEMON, DAVID LIEBEL, AND | ) |
| MARK SEVIER, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Daniel E. Wilkens, a pro se prisoner, alleges that he is being prevented from practicing his religion in three distinct ways. He brings this claim against three defendants based on three legal theories and seeks both monetary damages and injunctive relief. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The first way Wilkens alleges that he is being prevented from practicing his religion is by being denied "Halal meat that has been slaughtered in the name of Allah [by a] trained Muslim man . . . with a very sharp knife across the jugular vein [while] prayers are said throughout the proceedings." DE 2 at 6. The second way is by being denied Halal prayer oils from a reliable source which are "essential to the (5) five obligatory daily prayers [and] Jumah Friday prayer in congregation." DE 2 at 7. The third is way is by being denied "festive foods such as dates, sheep,

chicken, beef, lamb & goat . . . fruits, milk, [and] special breads [during the] three days [of] Eid-Ul-Fitr and Eid-Ul-Adha Islamic festival according to the Islamic traditions." DE 2 at 8.

1. FIRST AMENDMENT

Wilkins alleges that the defendants are violating his First Amendment right to practice his religion. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). At this stage of the litigation, it is unclear why Wilkins is being denied the ability to practice his religion. Therefore he will be granted leave to proceed for injunctive relief against Commissioner Bruce Lemmon in his official capacity for violating the First Amendment. Though he has also sued the two other defendants in their official capacity, it is unclear whether either of them have the authority to provide the relief sought. What is clear is that the Commissioner does have the required authority and that it is unnecessary to have more than one official capacity defendant.

Wilkins also asks for monetary damages from David Liebel on his First Amendment claims. The complaint alleges that Liebel "is the Director of IDOC Religious Services and a member of the Religious Practice Committee responsible for religious policies and procedures." DE 2 at 5. Attached to the complaint is a Grievance Response Report showing that Liebel denied his request for meals with Halal meats. DE 2-1 at 22. Attached is a Grievance Response Report showing that Liebel denied his order for prayer oil. DE 2-1 at 30. Also attached is a Grievance Response Report showing that Liebel denied his request for festive foods. DE 2-1 at 41. Based on

2

these allegations, Wilkins will be granted leave to proceed for monetary damages against Religious Services Director David Liebel for violating the First Amendment right to practice his religion.

2. RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT

Wilkins alleges that the defendants are preventing him from practicing his religion in violation of the Religious Land Use and Institutionalized Persons Act or RLUIPA. This statute affords even broader protections than the First Amendment by providing that "No government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). *See also Holt v. Hobbs*, 574 U.S. __, __; 135 S. Ct. 853 (2015). However, the statute does not authorize an award of money damages against state officials; an inmate may only obtain injunctive relief under RLUIPA. *Sossamon v. Texas*, 563 U.S. __, __; 131 S. Ct. 1651, 1658-59 (2011). Therefore, Wilkins will only be granted leave to proceed for injunctive relief against Commissioner Bruce Lemmon in his official capacity for violating RLUIPA.

3. EQUAL PROTECTION

Wilkins alleges that the defendants are violating his Equal Protection rights by preventing him from practicing his religion while allowing other similarly situated inmates to practice their religions. He alleges that other religious groups "purchase ritual items from outside venders . . . ." DE 2 at 10. He alleges that Christian Kiros celebrates "their yearly retreat with foods from an outside vendor Burger King, McDonalds, and other pre-cooked foods . . . ." DE 2 at 11.

> Prisons must permit inmates the reasonable opportunity to exercise religious freedom. However, prison restrictions that infringe on an inmate's exercise of his religion are permissible if they are reasonably related to a legitimate penological objective, such as security and economic concerns. The court must balance [the prisoner]'s right to be afforded a reasonable opportunity to exercise the religious freedom guaranteed by the First and Fourteenth Amendments against the legitimate penological goals of the prison. Within these confines, a prison is required to make only reasonable efforts to provide some opportunity for religious practice. This test is less restrictive than that ordinarily applied to infringements on constitutional rights in consideration of the need to give appropriate deference to prison officials, avoiding unnecessary judicial intrusion into security problems and other prison concerns.
>
> In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded. Prisons cannot discriminate against a particular religion except to the extent required by the exigencies of prison administration. The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations. Of course, economic and, at times, security constraints may require that the needs of inmates adhering to one faith be accommodated differently from those adhering to another. The treatment of all inmates must be qualitatively comparable.

*Maddox v. Love*, 655 F.3d 709, 719–20 (7th Cir. 2011) (citations, quotation marks, and brackets omitted).

Again, at this stage of the litigation, it is unclear why Wilkins is being denied the ability to practice his religion. Therefore he will be granted leave to proceed on a claim for injunctive relief against Commissioner Bruce Lemmon in his official capacity for violating his right to Equal Protection. He will also be granted leave to proceed on a claim for monetary damages against Religious Services Director David Liebel in his individual capacity for violating his right to Equal Protection.

For these reasons, the court:

(1) **GRANTS** Daniel E. Wilkens leave to proceed on an official capacity claim for injunctive relief against Commissioner Bruce Lemmon for preventing him from practicing his

4

religion by denying him Halal meat, Halal prayer oil, and festive foods during religious holidays in violation of his First Amendment, RLUIPA, and Equal Protection rights;

(2) **GRANTS** Daniel E. Wilkens leave to proceed on an individual capacity claim for compensatory and punitive damages against Religious Services Director David Liebel for preventing him from practicing his religion by denying him Halal meat, Halal prayer oil, and festive foods during religious holidays in violation of his First Amendment and Equal Protection rights;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Mark Sevier;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Bruce Lemmon and David Liebel with a copy of this order and the complaint (DE 2) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Bruce Lemmon and David Liebel respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October 17, 2016

                /s/ JON E. DEGUILIO
                Judge
                United States District Judge