UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DANIEL E. WILKINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:15-CV-514 JD |
| BRUCE LEMON, DAVID LIEBEL, AND MARK SEVIER, | ) | |
| Defendants. | ) | |

ORDER

Daniel E. Wilkins, a pro se prisoner, filed a motion for a preliminary injunction. Wilkins wants the court to order that he be immediately permitted "the ability to purchase Halal oil from an outside vendor for the purpose of emulating the Prophet Muhammad and enhancing his daily prayers." DE 36 at 9. He does not want to buy the oil sold by the prison commissary. Nor is he asking that his brand or quality of oil be stocked at the commissary. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "[A] preliminary injunction . . . should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Here, Wilkins has no chance of success on the merits. He is proceeding on a claim for permanent injunctive relief against Commissioner Bruce Lemmon (in pertinent part) for preventing him from having Halal prayer oil based on three legal theories: the First Amendment,

RLUIPA, and Equal Protection. Neither the First Amendment nor RLUIPA require the use of an outside vendor to provide religious items. From an Equal Protection perspective, Wilkins has provided nothing to indicate that any religious groups at his prison are currently permitted to purchase prayer oil from outside vendors. So under no legal theory can Wilkins succeed in obtaining an injunction requiring that he be able to purchase prayer oil from an outside vendor.

Moreover, the PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context.

> Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

For these reasons, the court **DENIES** the motion (DE 35).

SO ORDERED.

ENTERED: February 10, 2017

        /s/ JON E. DEGUILIO
Judge
United States District Judge